UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID HAMILTON,

    Plaintiff,

v.

SAM WONG, et al.,

    Defendants.

No. 2:19-cv-1181-KJM-EFB P

ORDER

Plaintiff, a state prisoner proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis (ECF No. 2).

## Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted and his complaint is screened below.

## Screening

I.    Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

/////

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. <u>Analysis</u>

Plaintiff's amended complaint, which supersedes the original, alleges that, in October of 2015, defendant Wong ordered an MRI on plaintiff's shoulder. ECF No. 9 at 3. Wong allegedly failed to warn plaintiff that the MRI would involve an injection of "Gadolinium" – a "highly toxic" substance used to enhance imaging. *Id.* Plaintiff claims that, after being injected with the Gadolinium, he suffered a swelling and burning in his bones and joints. *Id.* Years later, in October of 2018, plaintiff saw a legal advertisement on television which sought plaintiffs who had potential claims related to exposure to Gadolinium. *Id.* Plaintiff requested a twenty-four hour urinalysis test for Gadolinium traces from Wong, but was denied. *Id.* Wong allegedly

2

explained that plaintiff's Gadolinium exposure had occurred long ago and that, absent either a court order or plaintiff paying for the test, he would not order it. *Id.* Plaintiff claims that Wong's refusal to provide this test amounts to deliberate indifference to his serious medical needs. *Id.*

Plaintiff also appears to bring two other related claims. First, he alleges that the unnamed MRI specialist who injected him with Gadolinium in 2015 failed to warn him of "any risk of unsafe patient care conditions." *Id.* at 5. Second, plaintiff alleges that Bayer Healthcare Pharmaceutical, Inc. and McKesson Pharmaceuticals Corp. sold the Gadolinium substance he was injected with and bear responsibility for his adverse reaction. *Id.* at 4.

None of the foregoing claims are viable as currently articulated. With respect to defendant Wong, plaintiff has failed to allege that the test he requested was medically necessary for his well-being. Rather, plaintiff alleges that he sought the test to identify or confirm his previous reaction to the Gadolinium injection and with an eye toward bringing a legal claim based thereon. Wong had no obligation to assist plaintiff in pursuing or preparing such a legal claim. With respect to the unnamed technician, plaintiff has failed to allege that this individual knew or had reason to know that, at the time of the MRI, plaintiff would be exposed to a "risk of unsafe patient care conditions." *See Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003) ("Much like recklessness in criminal law, deliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm."). Finally, with respect to the manufacturing corporations, plaintiff has failed to allege facts indicating that they should be considered state actors for the purposes of section 1983. That is, plaintiff has failed to allege that the corporations' decision to manufacture and sell Gadolinium for medical use is "fairly attributable to the state." *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) ("The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the State?") (internal quotation marks and citations omitted).

Plaintiff will be given leave to amend to remedy the foregoing deficiencies.

/////

### III. Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

/////

/////

4

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith.

3. Plaintiff's amended complaint (ECF No. 9) is dismissed with leave to amend within 30 days of service of this order.

4. Failure to file a second amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: October 8, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE