UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAMILTON,<br><br>   Plaintiff,<br><br>   v.<br><br>SAM WONG, et al.,<br><br>   Defendants. | No. 2:19-cv-1181-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. On October 9, 2019, the court dismissed plaintiff's amended complaint on screening for failure to state a cognizable claim. ECF No. 12. Plaintiff has now filed his second amended complaint (ECF No. 15) and the court must screen it.

Screening

I.      Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

1    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41

2    (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

3    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

4    a cause of action's elements will not do. Factual allegations must be enough to raise a right to

5    relief above the speculative level on the assumption that all of the complaint's allegations are

6    true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

7    legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

8    *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

9        In reviewing a complaint under this standard, the court must accept as true the allegations

10   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

11   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

12   the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must

13   satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule

14   8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

15   pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

16   grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

17       II.    Analysis

18       As before, plaintiff alleges that, on October 23, 2015, defendant Wong ordered an MRI of

19   plaintiff's shoulder. ECF No. 15 at 5. Plaintiff claims that Wong and the unnamed specialist who

20   administered the MRI failed to warn him that the procedure would involve an injection of

21   "Gadolinium contrast dye" into his arm.  *Id.*  Plaintiff claims that, after being injected with the

22   Gadolinium, he suffered a swelling and burning in his bones and joints.  *Id.*  He claims that both

23   Wong and the unnamed specialist should have known that he would be "exposed to [the] risk of

24   unsafe patient care conditions" and warned him of the same.  *Id.*  Plaintiff does not provide any

25   allegation as to why either provider should have known that the Gadolinium dye would have been

26   a risk to his health.  *See Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003) ("Much like

27   recklessness in criminal law, deliberate indifference to medical needs may be shown by

28   circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually

knew of a risk of harm.").[1] Plaintiff does not, for instance, allege that Gadolinium dye was broadly known, at the time it was used on his arm, to be dangerous or to carry an unusual amount of risk of which he ought to have been informed.

Plaintiff also alleges that in 2018, he was informed by "Davis & Crump" – presumably a law firm – that he had a potential legal claim based on his exposure to Gadolinium. *Id.* The firm requested that plaintiff undergo a urine analysis for heavy metals. *Id.* Plaintiff requested such an analysis from Wong, but was allegedly denied. *Id.* Wong allegedly explained that plaintiff's Gadolinium exposure had occurred long ago and that, absent either a court order or plaintiff paying for the test, he would not order it. *Id.* As the court explained in its previous screening order:

> Plaintiff has failed to allege that the test he requested was medically necessary for his well-being. Rather, plaintiff alleges that he sought the test to identify or confirm his previous reaction to the Gadolinium injection and with an eye toward bringing a legal claim based thereon. Wong had an obligation to ensure that plaintiff's medical care was adequate; he had no obligation to assist plaintiff in preparing a legal claim.

ECF No. 12 at 3.

Plaintiff re-alleges his claims against Bayer Healthcare Pharmaceutical, Inc. and McKesson Pharmaceuticals Corp., the entities which allegedly sold and distributed the Gadolinium which cause his adverse reaction. The court previously explained that such a claim was not cognizable in this action because there was no allegation that either entity was a state actor for the purposes of section 1983:

> [W]ith respect to the manufacturing corporations, plaintiff has failed to allege facts indicating that they should be considered state actors for the purposes of section 1983. That is, plaintiff has failed to allege that the corporations' decision to manufacture and sell Gadolinium for medical use is "fairly attributable to the state." *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) ("The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth

---

[1] Plaintiff's sole allegation against defendant Christopher Smith is that the latter denied his administrative grievances related to the foregoing claims. ECF No. 15 at 5. Denial of grievances, however, does not suffice to state a section 1983 claim. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

3

>   Amendment: is the alleged infringement of federal rights fairly attributable to the State?") (internal quotation marks and citations omitted).

ECF No. 12 at 3.

Plaintiff was given leave to amend after the previous dismissal and has brought a complaint that retains all of the deficiencies of its predecessor. Thus, the court concludes that further leave to amend is unwarranted and recommends that this action be dismissed. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-10 (9th Cir. 1988) ("Repeated failure to cure deficiencies by amendments previously allowed is another valid reason for a district court to deny a party leave to amend.").

## Conclusion

Accordingly, it is RECOMMENDED that:

1.  This action be dismissed without further leave to amend for failure to state a claim upon which relief may be granted; and
2.  The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 23, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4